IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL W. LOWMAN                                                                                   PLAINTIFF

vs.                                          Civil No. 2:11-cv-02166

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Michael W. Lowman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on September 17, 2009. (Tr. 13, 131-138). Plaintiff alleged he was disabled due to the following impairments: Chronic Obstructive Pulmonary Disease ("COPD"), lumbar spinal stenosis, and depression due to his illness. (Tr. 163).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff also alleged at the administrative hearing in this matter that he was disabled due to knee pain. (Tr. 49). Plaintiff alleged an onset date of July 9, 2009. (Tr. 131, 135). These applications were denied initially and again upon reconsideration. (Tr. 97-100).

Thereafter, on January 28, 2010, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 117-125). Plaintiff's administrative hearing was held on May 19, 2010 in Fort Smith, Arkansas. (Tr. 28-70). Plaintiff was present and was represented by counsel, David Harp, at this hearing. *Id.* Plaintiff, Plaintiff's friend, and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI), and had a high school education. (Tr. 31-32).

On August 26, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 13-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 9, 2009, his alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, COPD, and osteoarthritis or patellofemoral syndrome of the right knee. (Tr. 15-16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

2

the RFC to perform a wide range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally climb, balance, stoop, kneel, crouch, and crawl.  He must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation as well as temperature extremes and humidity, and he must avoid concentrated exposure to hazards such as moving machinery and unprotected heights.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 22, Finding 6).  The VE testified at the administrative hearing regarding this issue.  (Tr. 64-66).  Based upon that testimony, the ALJ found Plaintiff's PRW included work as a fast food worker (medium, unskilled), retail sales clerk (light, semi-skilled), and credit reporting clerk (sedentary, semi-skilled).  *Id.*  The ALJ then determined, after considering his RFC, that Plaintiff retained the capacity to perform this PRW.  (Tr. 22, Finding 6).  Because he retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 9, 2009 through the date of his decision or through August 26, 2010.  (Tr. 23, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 8-9).  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3). On September 7, 2011, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on September 23, 2011.  ECF No. 7.  Both Parties have filed appeal briefs. ECF Nos. 10-11.  This case is now ready for decision.

**2.**     **<u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 10.  Specifically, Plaintiff claims the following: (1) the ALJ erred in evaluating his severe impairment of depression; (2) the ALJ improperly assessed his credibility; (3) the ALJ improperly evaluated his RFC; and (4) the ALJ incorrectly determined he could return to his PRW.  *Id.*  In response, Defendant argues the ALJ properly determined Plaintiff's depression was not a severe impairment, the ALJ performed a proper *Polaski* analysis, the ALJ properly assessed Plaintiff's RFC, and the ALJ properly determined Plaintiff could return to his PRW.  ECF No. 11.  Because this Court finds the ALJ erred in assessing Plaintiff's RFC, this Court will only address Plaintiff's third argument for reversal.

The determination of a claimant's RFC is an administrative determination reserved for the ALJ and is based on the totality of the evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his or her limitations.  *See*

*Krogmeier v. Barnhart,* 294 F.3d 1019, 1023-24 (8th Cir. 2000). Plaintiff has the burden to prove his RFC. *See Pearsall v. Massanari,* 274 F.3d 1211, 1218 (8th Cir. 2001). A claimant's RFC is, however, a medical question. *See Baldwin v. Barnhart,* 349 F.3d 549, 556 (8th Cir. 2003). Thus, some medical evidence must support the ALJ's RFC finding. *Id.* Further, the ALJ must base his RFC determination on all the relevant evidence contained in the record. *See Baldwin,* 349 F.3d at 556.

At the administrative hearing in this matter, Plaintiff alleged being disabled due to a knee pain. (Tr. 49). Indeed, Plaintiff testified he was discharged from the military due to his knee pain. *Id.* Plaintiff claims his knee pain impacts him in his ability to walk: "Now it's to the point to where I can't walk no more than maybe about a block, if that, without having to take breaks." *Id.* He also testified, "I can't run. Can't go out with my kids. I can't do a lot of heavy lifting, because then, like, move the furniture, or whatever. I can't do it just because of my knee . . . you know, hurting." (Tr. 50).

Plaintiff's allegation of knee pain is supported by his medical records. As recognized by the ALJ, Plaintiff was diagnosed with patellofemoral arthritis in December of 2004. (Tr. 18, 720-721). Plaintiff was diagnosed with this impairment by his orthopaedic surgeon, Dr. Oscar Henderson, M.D. (Tr. 720-721). As a part of that diagnosis, Dr. Henderson directed Plaintiff to avoid "climbing and descending stairs or any grade of significance." *Id.* Further, the ALJ appeared to adopt the findings of Dr. Henderson in assessing Plaintiff's limitations and stated "[t]he residual functional capacity takes the limitations described by Dr. Henderson into account by limiting the claimant to only occasional climbing." (Tr. 21).

Upon further review, however, the ability to "occasionally" climb is far great than the

inability to climb or descend "stairs or any grade of significance." As defined Social Security Ruling ("SSR") 96-9p, "occasionally" ranges from "very little up to one-third of the time" and "would generally total no more than about 2 hours of an 8-hour workday."[2] Accordingly, by finding Plaintiff could occasionally climb, the ALJ actually found Plaintiff could climb stairs up to 2 hours in a workday. Such an ability is clearly far greater than that found by Dr. Henderson, who directed Plaintiff to avoid climbing stairs. Thus, because the ALJ improperly characterized the limitations Dr. Henderson placed on Plaintiff and improperly found Plaintiff could "occasionally" climb, the ALJ's RFC determination is not supported by substantial evidence in the record, and this case must be reversed and remanded for further consideration of Plaintiff's RFC.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of July 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] The term "occasionally" is defined in SSR 96-9p in the context of sedentary work. Here, as noted above, Plaintiff has been assessed as having an RFC for *light* work and not sedentary work. Plaintiff, however, cites SSR 96-9p as the standard for defining "occasionally" in this context as well, and Defendant does not dispute that this is the standard. ECF Nos. 10-11. Indeed, it appears Defendant does not even address this issue in his briefing. ECF No. 11 at 13. This Court accordingly assumes the term "occasionally' is properly defined in SSR 96-9p in the "light" work context as well. Further, as a final point, it is worth noting that if there is at least some confusion as to the definition of the word "occasionally," the VE may have been confused as to what this term meant when he found Plaintiff could perform his PRW. Thus, on remand, the ALJ should ensure this issue is clarified for the VE.