IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL W. LOWMAN                                                                                   PLAINTIFF

vs.                                            Civil No. 2:11-cv-02166

MICHAEL J. ASTRUE                                                                                   DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 14. Defendant has responded to this Motion, and Defendant claims Plaintiff's fee request should be reduced. ECF No. 17. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this Order.

**1.    Background:**

Michael W. Lowman ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On July 16, 2012, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 12-13.

On September 20, 2012, Plaintiff filed the present Motion requesting an award of attorney's fees under EAJA. ECF No. 14. With this Motion, Plaintiff requests an award of attorney's fees of $4,137.30, representing 21.45 hours of attorney work at an hourly rate of $174.00 and 5.40 hours of paralegal work at an hourly rate of $75.00. ECF No. 15-2. Defendant responded to this Motion on October 2, 2012, and Defendant objects to Plaintiff's requested fees. ECF No. 17.

2.     **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting

2

unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.     Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 12-13. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 147 The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $4,137.30, representing 21.45 hours of attorney work at an hourly rate of $174.00 and 5.40 hours of paralegal work at an hourly rate of $75.00. ECF No. 15-2. Defendant does not object to Plaintiff's requested hourly rate for attorney and paralegal work. ECF No. 17. Plaintiff's requested hourly rates are authorized by the EAJA as long as the CPI-South Index justifies the enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff has requested $174.00 per hour for the work performed in 2011 and 2012. Based upon the CPI-South Index, this hourly rate is authorized

3

and is consistent with EAJA.  Thus, this Court awards Plaintiff the hourly rate of $174.00 per hour for work performed in 2011.  Defendant also does not object to Plaintiff's requested paralegal fee rate.  ECF No. 17.  Accordingly, this Court awards Plaintiff the paralegal fee rate of $75.00 per hour.

Further, Plaintiff has requested 21.45 hours of attorney work and 5.40 hours of paralegal work for performed in 2011 and 2012.  ECF No. 15-1.  Plaintiff has submitted an itemized bill in support of that request.  *Id.*  Defendant objects to 0.90 hour of the paralegal fees as being purely clerical in nature.  ECF No. 17.  Those entries include the following: paralegal filed brief using CM/ECF (0.50 hour), paralegal mailed copy of brief to Plaintiff (0.30 hour), and paralegal mailed copy of opinion and judgment to Plaintiff (0.10 hour).  ECF No. 15-1.  Under Eighth Circuit precedent, work that could have been completed by support staff is not compensable under the EAJA.  *See Granville House Inc. v. Dep't of HEW,* 813 F.2d 881, 884 (8th Cir. 1987).  Based upon *Granville,* this Court finds Plaintiff's requested paralegal work is also not compensable, and his total fee request should be reduced by 0.90 hours of paralegal work.  After that reduction, Plaintiff's total fee award should be $4,069.80 (21.45 hours of attorney work at an hourly rate of $174.00 and 4.5 hours of paralegal work at an hourly rate of $75.00).

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*. ECF No. 17.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.** **Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$4,069.80** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **3rd day of October 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE